UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DIAMOND TUCKER ST. PROPERTY, LLC
LITIGATION                                                                      MDL No. 3173

ORDER DENYING TRANSFER

**Before the Panel:**[*] Diamond Tucker St. Property, LLC, Redemption, LLC, and Westfair, LLC (jointly, DTS Property), move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of New York or, alternatively, in any district that the Panel deems appropriate. The litigation consists of nine actions pending in four districts, as listed on Schedule A.[1] The Panel is aware of one potential tag-along action filed by DTS Property in the District of Connecticut. Karen and Ismet Pupovic—plaintiffs in two actions and defendants in five—oppose centralization and, alternatively, request centralization in the Southern District of New York or the District of Connecticut. Defendants in two actions—Felicia B. Watson and the Law Office of Felicia B. Watson (together, the Watson defendants) oppose centralization and, alternatively, request centralization in the District of Connecticut.

After considering movants' arguments,[2] we conclude that Section 1407 centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These actions arise from DTS Property's unsuccessful attempt in early 2022 to sell a residential property in Easton, Connecticut, to the Pupovics. The actions fall into two categories. The parties in seven of the actions ("the Pupovic actions") are Diamond Tucker St. Property, Redemption, Westfair, or Sean Fillinich[3] and the Pupovics. The other two actions ("the Watson actions") were brought by movants against the Watson defendants, who served as

---

[*] Judges Karen K. Caldwell, David C. Norton, and Matthew F. Kennelly did not participate in the decision of this matter.

[1] Motions for remand to state court were granted in both District of Connecticut actions and one of those dockets was closed, but the court subsequently granted defendants leave to file a motion for reconsideration in both cases and those motions remain pending.

[2] This matter was decided on the basis of the briefing, as movants and the Watson defendants failed to file notice of their intent to present oral argument, and their failure to do so was deemed a waiver of oral argument under Panel Rule 11.1(d). The Pupovics waived oral argument.

[3] Mr. Fillinich is the sole member of each of the three LLCs.

- 2 -

DTS Property's counsel with respect to the sale of the Easton property. There is unquestionably extensive factual overlap among the actions in each category. All seven Pupovic actions pertain to a 2024 Connecticut state court default judgment and judgment lien obtained by the Pupovics against DTS Property relating to the unconsummated sale of the Easton property. DTS Property alleges in each action that the default judgment was fraudulently or improperly obtained and now is unfairly preventing DTS Property from selling the Easton property. The two actions brought by DTS Property against the Watson defendants relate to their allegedly improper actions while representing DTS Property in the sale of the Easton property. Although the Watson actions—like those involving the Pupovics—relate to the failed Easton property sale, they primarily involve different factual issues, such as whether Ms. Watson disclosed information that was confidential or protected by the attorney-client privilege.

Despite the commonalities among the actions, centralization is not warranted for several reasons. First, and most significantly, the actions share overlapping questions of fact and have multidistrict character only because movants have deliberately filed duplicative actions in multiple districts. All of the Pupovic actions were brought, or removed to federal court, by movants (or their sole member, Mr. Fillinich) and seek essentially the same relief—namely, that the Connecticut state court judgment and judgment lien obtained by the Pupovics be vacated. Similarly, the two Watson actions are duplicative; the second appears to have been filed as a precautionary measure after the Watson defendants challenged venue and personal jurisdiction in the first action. Movants' deliberate filing of duplicative actions in multiple courts is wasteful of judicial and party resources, and their request that we now centralize the actions in a single district is a misuse of Section 1407. *See, e.g., In re Joel Snider Litig.*, 437 F. Supp. 3d 1371, 1372 (J.P.M.L. 2020) (denying Section 1407 motion where movant improperly sought centralization "to fix a perceived mistake in how he filed his actions" and in the hope that "another district judge may be more favorably disposed to [his] contention") (citation modified).

Moreover, the factual issues in both sets of actions seem straightforward, and discovery is not likely to be time-consuming or complex. Finally, there are relatively few actions, nearly all involve the same parties, and those parties are represented by the same counsel in all actions.[4] Consequently, informal coordination among the parties and courts should be feasible. *See In re Zeroclick, LLC, Litig.*, 437 F. Supp. 3d 1362, 1362 (J.P.M.L. 2020) (finding informal coordination preferable to centralization based on the small number of actions and parties and the presence of common counsel). Indeed, the courts in some of the cases already are effectively coordinating. The two District of Connecticut actions have been related and are assigned to the same judge, who is handling them in coordinated fashion. Two of the Southern District of New York actions also are assigned to a single judge. In addition, two of the Southern District of New York actions have been stayed pending a final ruling in one District of Connecticut action on plaintiff's motion to set aside the state court default judgment. Given the myriad redundancies in DTS Property's claims in the Pupovic actions, resolution of one may lead to prompt resolution of the others.

---

[4] Although the Pupovics are represented by different firms in the actions brought by them than in those brought against them, they state that their counsel are coordinating.

- 3 -

The Watson defendants request that the court grant their motion to dismiss the Southern District of New York action against them. This request reflects a fundamental misunderstanding of the Panel's authority under Section 1407. *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."). The Watson defendants' motion is properly addressed to the court presiding over that action.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

Roger T. Benitez            Dale A. Kimball
Madeline Cox Arleo

**IN RE: DIAMOND TUCKER ST. PROPERTY, LLC LITIGATION**  MDL No. 3173

## SCHEDULE A

### District of Connecticut

PUPOVIC, ET AL. v. DIAMOND TUCKER ST. PROPERTY, LLC, ET AL.,
  C.A. No. 3:24−01969

PUPOVIC, ET AL. v. DIAMOND TUCKER ST. PROPERTY, LLC, ET AL.,
  C.A. No. 3:25-00081

### District of Maryland

FILLINICH v. PUPOVIC, ET AL., C.A. No. 8:25−03512

### Northern District of New York

DIAMOND TUCKER ST. PROPERTY, LLC, ET AL. v. PUPOVIC, ET AL.,
  C.A. No. 1:25−01204

### Southern District of New York

DIAMOND TUCKER ST. PROPERTY, LLC v. WATSON, ET AL.,
  C.A. No. 1:25−01746
WESTFAIR LLC v. PUPOVIC, ET AL., C.A. No. 7:24−05879
DIAMOND TUCKER ST. PROPERTY, LLC v. PUPOVIC, ET AL.,
  C.A. No. 7:24−08373
DIAMOND TUCKER ST. PROPERTY, LLC, ET AL. v. PUPOVIC, ET AL.,
  C.A. No. 7:25−06336

### District of South Carolina

DIAMOND TUCKER ST. PROPERTY, LLC v. WATSON,
  C.A. No. 2:25−13006